IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>v.<br><br>GOLDEN LUXURY AUTO, JAY BARTON, and JOSHUA STEVENS,<br><br>　　Defendants.<br><br>ALLAN WILLIAMS,<br><br>　　Intervenor. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:24-cv-00219-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff National Interstate Insurance Company's motion for a default judgment against defendants Golden Luxury Auto and Jay Barton. ECF No. 31. The motion is DENIED as premature.

## BACKGROUND

Joshua Stevens injured Allan Williams in an automobile accident. Williams sued Stevens, Golden Luxury Auto, Barton, and other defendants in state court, alleging that they are liable for damages caused by the accident.

National Interstate Insurance subsequently brought this declaratory relief action to adjudicate its rights concerning insurance coverage for the accident. It seeks a declaration that it has no obligation to cover damages caused by the accident and a declaration that it has no duty to defend Golden Luxury Auto, Barton, or Stevens in the state-court action. Golden Luxury Auto and

Barton defaulted in this declaratory relief action. Stevens filed an answer to the declaratory relief complaint and has not defaulted.

National Interstate Insurance filed the instant motion for a default judgment against defendants Golden Luxury Auto and Barton. Williams subsequently filed a motion to intervene in this declaratory relief action, asserting that because he is the plaintiff in the underlying liability litigation against Golden Luxury Auto, Barton, and Stevens, he has an interest in the outcome of this litigation regarding insurance coverage for the accident. The court granted the motion to intervene, and Williams filed an intervenor complaint in which he seeks a declaration that National Interstate Insurance must cover damages caused by the accident up to the policy limits and has a duty to defend Golden Luxury Auto, Barton, and Stevens in the underlying liability litigation.

## ANALYSIS

National Interstate Insurance seeks a default judgment against the defaulting defendants, Golden Luxury Auto and Barton, consisting of a declaration that the automobile accident was not covered by its insurance policy and that it need not defend them in the underlying liability litigation. The court denies the motion for a default judgment because the requested declaration would affect the rights of Stevens and Williams, who contest such a declaration.

"[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (per curiam) (quoting 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2690 (1983)); *accord Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). This principle also applies when a plaintiff seeks declaratory relief against multiple defendants. In *National Casualty Co. v. Thomas & Sons Trucking, L.L.C.*, No. 14-4023, 2014 WL 11497892 (D.

Kan. Dec. 5, 2014), for example, an insurance company sought a declaration against three defendants that it had no duty to cover an accident. *Id.* at *2. Citing *Frow*, the court denied a motion for a default judgment where only one of the defendants defaulted because doing so would have risked inconsistent findings on the coverage issue as to the non-defaulting defendants. *Id.*; *accord Allstate Prop. & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 196150, at *1 (D. Kan. Jan. 23, 2009) (denying a motion for default judgment where an insurance company sought a declaration regarding its duty to cover damages caused by an automobile accident and only one of three defendants defaulted); *see also Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394 (10th Cir. 1996) (unpublished) (holding that *Frow* and *Hunt* were not confined to cases where a plaintiff asserts joint liability against multiple defendants; they also apply where a default judgment would affect the rights or defenses of non-defaulting codefendants).

In this case, issuing a default judgment against Golden Luxury Auto and Barton containing a declaration of rights concerning coverage for the automobile accident and National Interstate Insurance's duty to defend would risk inconsistent judgments with the other litigants in this action who have not defaulted. Thus, pursuant to *Frow* and *Hunt*, the court denies National Interstate Insurance's motion for a default judgment at this time.

DATED September 25, 2025.

BY THE COURT

Jill N. Parrish
United States District Court Judge