IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN LUXURY AUTO, JAY BARTON, and JOSHUA STEVENS,<br><br>Defendants.<br><br>ALLAN WILLIAMS,<br><br>Intervenor. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Case No. 2:24-cv-00219-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff National Interstate Insurance Company's motion for a judgment on the pleadings. ECF No. 33. The motion is DENIED.

## BACKGROUND

Golden Luxury Auto and Jay Barton were in the business of renting privately owned vehicles to customers. Joshua Stevens was an employee of Golden Luxury Auto. While driving a vehicle in Golden Luxury Auto's custody, Stevens injured Allan Williams in an automobile accident. Williams sued Stevens, Golden Luxury Auto, Barton, and other defendants in state court, alleging that they are liable for damages caused by the accident.

National Interstate Insurance subsequently brought this declaratory relief action to adjudicate its rights concerning insurance coverage for the accident. It seeks a declaration that it has no obligation to cover damages caused by the accident and that it has no duty to defend Golden

Luxury Auto, Barton, or Stevens in the state-court action. Stevens filed an answer to the declaratory relief complaint. But Golden Luxury Auto and Barton failed to answer, and the court entered defaults against them.

National Interstate Insurance filed the instant motion for a judgment on the pleadings. It seeks a declaration that it has no duty to indemnify or defend Golden Luxury Auto, Barton, or Stevens in the liability lawsuit. National Interstate Insurance also seeks a declaration that its insurance policy does not cover punitive damages.

## ANALYSIS

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When evaluating a Rule 12(c) motion, courts "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Id.* (citation omitted).

In the usual case, a defendant brings a Rule 12(c) motion. In that situation, courts apply the standards for a Rule 12(b)(6) motion. *Id.* But in this case, the plaintiff brings the Rule 12(c) motion. When this happens, courts must consider the defendant's answer to the complaint when resolving factual disputes in the pleadings:

> In [the event that a plaintiff asserts a Rule 12(c) motion], the effect of any denials in the defendant's answer must be considered. The court therefore determines whether the complaint, stripped of those allegations that are denied, still states a claim against the defendant. In other words, the allegations of the answer are taken as true, but those of the complaint are taken as true only when they do not conflict with denials in the answer. A plaintiff's motion for judgment

> on the pleadings may be granted only if the plaintiff is clearly entitled to judgment under these standards.

2 James W. Moore et al., Moore's Federal Practice § 12.38 (3d ed. 2025).

Here, plaintiff National Interstate Insurance has not satisfied the requirements for a judgment on the pleadings against the defendants. First, a judgment on the pleadings may not be entered against defendants that do not answer the complaint because the pleadings have not been closed, as required by the text of Rule 12(c). *Gen. Motors Corp. v. Blevins*, 144 F. Supp. 381, 389 (D. Colo. 1956). When a defendant defaults, the proper procedure is to move for entry of a default judgment. *Id.* Because Golden Luxury Auto and Barton did not answer the complaint, the court may not enter a judgment on the pleadings against these defendants.

Second, National Interstate Insurance has not satisfied the requirements for a judgment on the pleadings against Stevens, who answered the complaint. National Interstate Insurance asserts in its complaint that it has no duty to indemnify or defend Stevens under the terms of the relevant insurance contract for three independent reasons: (1) the automobile driven by Stevens was not covered because it was not listed on the schedule of vehicles on file at the time of the accident, (2) the accident was not covered because the vehicle was being used in a deliberate illegal act (unauthorized control of a motor vehicle), and (3) Stevens was not an "insured" under the contract because he was acting outside the scope of his employment at the time of the accident. But Steven's answer to the complaint disputes the key factual allegations necessary for National Interstate Insurance to prevail on these theories. Stevens denied National Interstate Insurance's allegations that (1) the automobile did not appear on the official schedule of covered vehicles, (2) the automobile was being used in a deliberate illegal act, and (3) Stevens was not acting within the scope of his employment at the time of the accident. Because the court must credit these denials

when considering the plaintiff's Rule 12(c) motion, National Interstate Insurance cannot prevail on its motion for judgment on the pleadings for these claims.

National Interstate Insurance also argues that it should prevail as a matter of law on its claim for a declaration that the insurance policy excludes coverage for punitive damages. But the answer to the complaint asserts multiple affirmative defenses to the enforcement of this provision, including fraud, release, waiver, estoppel, duress, and failure of consideration. These affirmative defenses preclude judgment in favor of National Interstate Insurance on the face of the pleadings. *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) ("[I]f the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings [in favor of the plaintiff].").

## CONCLUSION

For the above-stated reasons, the court denies plaintiff National Interstate Insurance's motion for a judgment on the pleadings. The issues raised in this motion must be resolved on summary judgment or at trial.

DATED September 25, 2025.

BY THE COURT

Jill N. Parrish
United States District Court Judge